**PUERTO RICO TELEPHONE COM-PANY, Plaintiff,**

v.

**TEAMSTERS, CHAUFFEURS, WARE-HOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION #901, Affiliated to International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendant,**

**Union Independiente de Empleados Telefonicos de Puerto Rico, Intervenor.**

Civ. No. 1002–71.

United States District Court,
D. Puerto Rico.

Jan. 31, 1974.

McConnell, Valdes, Kelley & Sifre, San Juan, P. R., for plaintiff.

Lemuel Toledo-Toledo, Hato Rey, P. R., for defendant.

MEMORANDUM OPINION

CANCIO, Chief Judge.

This is a cause of action brought by plaintiff Puerto Rico Telephone Company seeking to set aside an arbitration award entered by Mr. Fernando Hernández Benítez, Arbitrator for the Department of Labor of the Commonwealth of Puerto Rico.

Jurisdiction of the Court is predicated on section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185.

Plaintiff is an employer in an industry affecting commerce within the meaning of section 301 of the LMRA and both defendant union and the union seeking intervention represent employees in an industry affecting commerce.

Defendant union, hereinafter called Teamsters, entered into a collective bargaining agreement with Plaintiff, to run from September 1, 1968 through August 31, 1971.

Under the terms and during the life of that collective bargaining agreement the Teamsters started to process a grievance concerning the rights of a certain group of employees to receive a snack payment provided for in the contract for certain groups of employees.

On December 9, 1971 an arbitration award was entered by Mr. Fernando Hernández Benítez sustaining the allegations of the Teamsters.

Meanwhile, Unión Independiente de Empleados Telefónicos de Puerto Rico, hereinafter called Petitioner, had obtained a Certification of Representative from the National Labor Relations Board, to represent the employees of the Plaintiff, pursuant to a representation election held by the National Labor Relations Board. This Certification of Representative was dated August 9, 1971.

On December 29, 1971, Plaintiff brought the present action seeking to set aside and annul the arbitration award. Service of process was made in the Teamsters but the latter have failed to enter an appearance in opposition of Plaintiff's request.

Plaintiff filed a Notice of Default on September 25, 1972 and subsequently moved for a summary judgment. A hearing was set for March 23, 1973 at 9:30 a. m.

On April 17th, 1973 Petitioner filed a Petition seeking the court's permission to intervene in the proceedings so as to defend the arbitration award.

Plaintiff and Petitioner filed memoranda at the request of the Court.

Petitioner seeks intervention on the basis of Section 301 of the Labor Management Relations Act, Rules 17(a), 24 (a), and 25(c) of the Federal Rules of Civil Procedure. It invokes, besides, the equitable powers of the Court.

Plaintiff, in its opposition to the Petition for Intervention, relies mostly on United Electrical, etc., of America v. Star Expansion Industries, 246 F. Supp. 400 (D.C.1964).

The facts of that case, stated succinctly, are as follows:

The IBEW had a collective bargaining agreement with Star Expansion Industries. During the life of the agreement, a grievance was filed by IBEW and while said grievance was in progress, a new union, U. E., was certified as representative of the employees in the same unit, for collective bargaining.

An arbitration hearing was held shortly after the certification of U. E. and IBEW appeared before the arbitrator to pursue the case. U. E. opposed IBEW's appearance, claiming that at the date of the arbitration hearing U. E. was the certified representative of the employees and the only one with proper legal standing to pursue the arbitration. The arbitrator ruled that IBEW was the proper union to pursue the arbitration, and U. E. then sought injunctive relief in the U. S. District Court.

The District Court for the Southern District of New York found that IBEW was the proper party to pursue the arbitration procedure, deciding that it was IBEW who had contractual rights before Star Expansion Industries to compel the latter to arbitration and that the facts of the case come to be during the life of IBEW's contract.

The court decided, also, that the certification of the new union, U. E., created a status implying future responsibilities and looking to the formulation of a new contractual relationship.

The facts in the present case are distinguishable from those of *Star Expansion Industries*, supra.

Here, the Teamsters appeared to litigate the arbitration procedure as to facts arisen during the life of its contract with Plaintiff. Petitioner did not oppose or question the handling by the Teamsters of the arbitration procedure. An award was entered pursuant to the efforts of the Teamsters upholding the contentions of that union.

It is after the arbitration award was entered that Plaintiff sought relief before this Court to set aside and annul the arbitration award. The Teamsters were duly notified of Plaintiff's prayer to anull the award and they have taken no action to contest such request.

Petitioner, on the other hand, has been the certified representative of the employees since before the arbitration was heard and an award was entered. It

now appears before this court praying that it be allowed to appear to defend an award that grants substantial rights to some of its members and which are not being defended by the Teamsters.

To extend the holding of the Star Expansion Industries doctrine to forbid intervention by the Petitioner would amount to an injustice, insofar as those union members would be deprived of such rights by default of the union that originally represented them in the arbitration proceedings.

It is repugnant to our sense of justice that those employees be denied fair and adequate representation because they are no longer represented by the Teamsters.

Under the unique circumstances surrounding this case, the right of intervention of Petitioner is hereby granted.